Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50195 | **DATE** | 10/12/2004 |
| **CASE TITLE** | Trapp vs. Rockford School District 205 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendant's motion to dismiss Count II.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | 2 | |
| | Notices mailed by judge's staff. | | 10-13-04 date docketed | |
| | Notified counsel by telephone. | | | 11 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 10-13-04 date mailed notice | |
| LC | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, William H. Trapp, filed a two-count complaint against defendant, Rockford School District 205, alleging in Count I a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and in Count II a state-law claim for "public policy retaliation." Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343 as to Count I, as well as 28 U.S.C. § 1367(a) for the supplemental state-law claim in Count II.

Defendant has filed a motion to dismiss Count II, contending, among other things, that Illinois does not recognize a cause of action for retaliation short of that resulting in the actual discharge of the plaintiff. Plaintiff filed an unhelpful, one-page response in which he states that he "stands by the sufficiency of his previously filed complaint."

Illinois courts recognize a common-law tort of retaliatory discharge that has three elements: (1) discharge; (2) in retaliation for the plaintiff's activities; and (3) the retaliation violates a clearly mandated public policy. Vorpagel v. Maxell Corp. of America, 333 Ill. App. 3d 51, 54, 775 N.E. 2d 658 (2002). The Illinois Supreme Court has expressly refused to expand the tort to any employer conduct short of actual discharge, see Zimmerman v. Buchheit of Sparta, Inc., 164 Ill. 2d 29, 645 N.E. 2d 877 (1994), and the act of actual discharge continues to be a necessary element, Graham v. Commonwealth Edison Co., 318 Ill. App. 3d 736, 742, 742 N.E. 2d 858 (2000).

In this case, plaintiff has not alleged that he was discharged in retaliation for any of his activities. Thus, Count II does not state a recognized cause of action under Illinois law and is, accordingly, dismissed.